**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TUDOR INSURANCE COMPANY,

    Plaintiff,

v.                                                CASE NO: 8:16-CV-376-T-30JSS

ZELWIN, LLC, ZELWIN2, LLC,
ZELWIN3, LLC a/k/a Jimmy John's,
ZACHARY GLOMB, MICHAEL
ROUNTREE, and AUTO-OWNERS
INSURANCE COMPANY,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants Zelwin, LLC's, Zelwin2, LLC's, Zelwin 3, LLC d/b/a Jimmy John's, and Zachary Glomb's Motion to Dismiss or, in the Alternative, Motion to Stay (Dkt. #16) and Plaintiff's Response in Opposition (Dkt. #19). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

**Background**

Plaintiff Tudor Insurance Company's complaint seeks a declaration that it has no duty to defend its insured, Zelwin3, LLC (and the related companies Zelwin, LLC and Zelwin2, LLC) (collectively referred to as "Zelwin3"), and Zelwin3's employee, Zachary Glomb, in an underlying suit filed by Michael Rountree. Rountree alleges that he was injured in a

collision with a motor vehicle owned and operated by Zachary Glomb "during the course and scope of his employment with Defendant, ZELWIN, LLC D/B/A JIMMY JOHNS, LLC ...." Rountree's claim against Zelwin3 alleges that it negligently hired, trained, and supervised Glomb.

Tudor's complaint in this case alleges that the Commercial Auto Policy it issued to Zelwin3 is void because Glomb did not have two years of driving history as required by the special conditions of the policy, and that Glomb is not an insured under Tudor's policy because he was driving his own car or a car owned by a member of his household. Tudor also alleges that it "has been requested to participate in the defense of Zelwin3 and Zachary Glomb who are defendants in the underlying Rountree lawsuit." And that "Tudor has issued a complete and full reservation of rights to deny any duty to indemnify and to deny any duty to defend including the right to withdraw any defense if undertaken under full reservation of rights."

The Moving Defendants seek to dismiss Tudor's complaint for declaratory relief for lack of subject matter jurisdiction (a lack of an "actual controversy" under 28 U.S.C. § 2201(a)) pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Discussion

"When reviewing a 12(b)(1) motion to dismiss, the Court construes the allegations in the complaint in the light most favorable to the plaintiff." *Houston Specialty Ins. Co. v. Titleworks of Southwest Florida, Inc.*, No. 2:15-cv-219-FtM-29, 2015 WL 5599175, at *2

(M.D. Fla. Sept. 22, 2015) (citations omitted). Likewise, when reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

The test for an "actual controversy" under the Declaratory Judgment Act does not require a present dispute, but only the "practical likelihood" that a dispute will arise. Specifically:

> That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. *Associated Indem. v. Fairchild Industries*, 961 F. 2d 32, 35 (2nd Cir. 1992) (citations omitted). Rather, the practical likelihood that the contingencies will occur and that the controversy is a real one should be decisive in determining whether an actual controversy exists.

*GTE Directories Pub. Corp. v. Trimen America, Inc.*, 67 F. 3d 1563, 1569 (11th Cir. 1995).

A demand for defense by the insured is not a prerequisite for a declaratory judgment action. "Indeed, as explained by the Eleventh Circuit in *GTE*, a declaratory judgment may be appropriate even if *both* the claim by the injured party against the insured *and* the resulting coverage request by the insured have yet to occur ...." *Titleworks of Sw. Florida, Inc.*, 2015 WL 5599175, at *3 (emphasis in original); *see also Nat'l Gen. Ins. Online, Inc. v. Black*, No. 5:15-cv-111-Oc-30PRL, 2015 WL 7777533, at *2 (M.D. Fla. Dec. 3, 2015) ("A potential claim need not mature to the level of a lawsuit to qualify as a 'substantial controversy' of 'sufficient immediacy.'").

Here, Tudor has clearly alleged an appropriate declaratory action regarding its duty to defend. The Moving Defendants argue that Tudor is not a primary carrier and has no duty

to defend because its policy is "excess." They base their argument on paragraph 5.a. of Tudor's policy's "Other Insurance" provisions that states that "For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance . . ." But this argument assumes that there is in fact "other insurance," that this other insurance is available to Zelwin3 as an insured, and that this other insurance is "collectible." These facts are not alleged in Tudor's complaint and they are not apparent from any of the exhibits in the record.

Moreover, as Tudor points out, its policy is not a true excess policy (like an umbrella policy), but is rather a primary insurance policy with a clause providing that it is excess over "other insurance." As a primary insurer, whether Tudor's "excess" other insurance clause will even be enforced depends on the language of the other primary policy. Accordingly, Tudor has established an actual controversy with respect to its duty to defend and Moving Defendants' motion to dismiss is therefore denied with respect to this issue.[1]

Finally, Moving Defendants argue that Zelwin, LLC and Zelwin2, LLC should be dismissed with prejudice from this action because they are no longer parties in the underlying Rountree lawsuit. Tudor argues that all of these Zelwin entities are named insureds under the policy. The Court denies the request to dismiss these Zelwin entities with prejudice at this time because it is unclear whether these entities are still viable insureds under the policy.

---

[1] Notably, because there is an actual controversy regarding Tudor's duty to defend, a declaration as to its duty to indemnify is also ripe. Of course, as Tudor acknowledges, if this Court concludes that Tudor does have a duty to defend, the issue of whether it also has a duty to indemnify would be stayed pending the outcome of the underlying case.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants Zelwin, LLC's, Zelwin2, LLC's, Zelwin 3, LLC d/b/a Jimmy John's, and Zachary Glomb's Motion to Dismiss or, in the Alternative, Motion to Stay (Dkt. #16) is DENIED.

2. Defendants shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 7, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

*S:\Even\2016\16-cv-376 mtd 16.wpd*